# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VINCENT JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CV-361-JED-FHM ) |
| ARVEST BANK et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff initiated this case on February 8, 2016 in Tulsa County District Court. He alleges that he slipped and fell due to ice on the sidewalk at an Arvest Bank in Tulsa. In his Petition filed on February 8, 2016, plaintiff requested damages in excess of $10,000. (Doc. 9-1 at 6). On April 20, 2016, while the case was pending in state court, Arvest moved for an order requiring the plaintiff to clarify his damages. (Doc. 2 at 26 [Ex. 6]). The state court granted that motion on May 19, 2016. (Doc. 2 at 36 [Ex. 8]). On June 6, 2016, plaintiff filed a Clarification of Damages in which he stated that he "is seeking damages in excess of . . . $75,000." (Doc. 2 at 37 [Ex. 9]). Fourteen days later, on June 20, 2016, defendant Arvest Bank filed its notice of removal based on diversity jurisdiction. (Doc. 2).

Plaintiff moves to remand this action to state court. (Doc. 9). In support of his motion, he advances two arguments. First, he argues that the notice of removal was untimely because it was made more than 30 days after the initial petition or receipt of notice that the case was removable. Second, plaintiff argues that there is a lack of complete diversity. As discussed below, neither of plaintiff's arguments requires remand.

### 1. Removal was timely

Where, as here, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff argues that Arvest could have intelligently ascertained that the case was removable on the day the Petition was served. That argument is premised upon plaintiff's assertion that, before the suit was commenced, Arvest "already knew that plaintiff's medical expense alone exceeded $20,000 . . . ." (Doc. 9 at 3). Plaintiff has provided no evidence to substantiate that any such pre-suit demand or notice was provided to the defendants.

Even assuming a pre-suit demand was made, it is insufficient as a matter of law to provide notice that the case was one which was removable. "The 30-day clock [for removal] does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1271-72 (10th Cir. 2016) (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). Like a boilerplate pleading demand for damages exceeding $10,000, an allegation of medical bills exceeding $20,000 similarly fails to provide a defendant with clear and unequivocal notice that the case is removable. *See Paros*, 835 F.3d at 1270.

Moreover, in this Circuit, "a presuit communication is not an 'other paper'" under § 1446(b)(3):

> [Considering only *post-suit* demand letters as "other papers" that may trigger the 30-day removal clock] makes sense because the statutory language clearly does not contemplate "papers" submitted before the complaint was filed. After all, the removal clock under § 1446(b)(3) starts ticking upon receipt of the "paper," so the time for removal after receipt of a presuit paper could well expire before service of the complaint and would never extend beyond the time permitted by § 1446(b)(1)—

> which is 30 days after service of the complaint or summons. We agree with the other circuits to have considered the matter that a presuit communication is not an "other paper."

*Paros*, 835 F.3d at 1271-72. Therefore, the 30-day removal period did not begin until June 6, 2016, when the plaintiff for the first time clarified that he seeks damages in excess of $75,000. The notice of removal filed 14 days later, on June 20, 2016, was timely.

2. **Defendants' notice of removal satisfies diversity of citizenship**

Plaintiff argues that diversity of citizenship is not satisfied because the defendants "know the identity" of fictitiously-named defendants John Doe and John Doe Corporation and that those Doe defendants are "residents of the State of Oklahoma." (Doc. 9). That argument is without merit. Pursuant to the plain terms of 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . ., the citizenship of defendants sued under fictitious names shall be disregarded."

Plaintiff further contends that the burden of establishing diversity jurisdiction lies with the party asserting it and that the defendants have not provided evidence that they are Arkansas citizens. (Doc. 9 at 5). While plaintiff is correct that the burden of establishing the removability (and therefore diversity) of a case lies with the removing party, a notice of removal need only contain "a short and plain statement of the ground for removal," and "need not contain evidentiary submissions." 28 U.S.C. §1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). The defendants have alleged Arkansas citizenship, which satisfies the diversity requirement.[1]

For the foregoing reasons, plaintiff's Motion to Remand (Doc. 9). is **denied**.

---

[1] Plaintiff also named State Bank and Trust NA (State Bank) as a defendant, although it does not appear that State Bank has been served. Plaintiff has specifically alleged that State Bank is a "foreign" business, such that the citizenship of State Bank would not defeat diversity.

SO ORDERED this 19th day of June, 2017.

*(signature)*
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE